# ORIGINAL

# In the United States Court of Federal Claims

No. 13-264C

(Filed: July 16, 2013)
(Unpublished)

**FILED**

JUL 16 2013

**U.S. COURT OF
FEDERAL CLAIMS**

```
*******************************************  *
                                             *
MARGARETRETO WIMBERLEY,                      *
                                             *
               Plaintiff,                    *
                                             *
v.                                           *
                                             *
THE UNITED STATES,                           *
                                             *
               Defendant.                    *
                                             *
*******************************************  *
```

OPINION AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

Plaintiff, Margaretreto Wimberley, filed a one-page *pro se* complaint in this Court on April 12, 2013. She alleges that, over a decade spanning from 2004 to 2013, an unnamed "White House Federal Official confiscated . . . [her] creative work such as weapon design, cartoons, creative writing, car design [and] clothing" without compensation. Compl. ¶ 1. Ms. Wimberley further alleges that her "creative work" is on "file at the [W]hite [H]ouse administrative department" and that "Retired President George W. Bush . . . stated that the Federal Government can [p]roduce" them. Id. Ms. Wimberley demands "[o]ver $10,000,000.00" in damages. Id.

Ms. Wimberley previously asserted claims against former President George W. Bush in a district court action in Georgia. Wimberley v. Bush, No. 4:10-cv-0058-CDL (M.D. Ga. June 8, 2010). She alleged there that unnamed federal officials had "confiscate[ed] my design," and sought "money President Bush entitled me to . . . for the White House Federal Government to produce my design and buy my design," to "have my weapon made from my design," and to "authorize for the Federal Government to produce my design." Dist. Ct. Compl. 6. Ms. Wimberley further alleged that President Bush and other federal officials stole her identity, stole her children's identity, conducted surveillance of her home, forced her to have sex with President Bush and First Lady

Laura Bush, molested and held her child hostage, illegally married her to a foreign prince, and questioned her about Al Qaida. Id. 1-4. She also sought for "President Bush [to] authorize me to grow marijuana substance, kill in self-defense," and "get free merchandise from the [F]ederal Government." Id. 6. In May 2011, the district court dismissed this complaint for failure to state a claim and entered judgment on the merits for defendant. Wimberley v. Bush, No. 4:10-cv-0058-CDL, Dkt. No. 15 (M.D.Ga. May 23-24, 2011) (district court order and judgment).

On June 13, 2013, Defendant filed a motion to dismiss Plaintiff's complaint. Ms. Wimberley responded to this motion on June 28, 2013 with a document entitled "Plaintiff['s] Motion Not to Dismiss," and Defendant filed a reply on July 11, 2013. The Court deems oral argument unnecessary. The Court will grant Defendant's motion to dismiss for the following three reasons:

1.  In the Court of Federal Claims, "[e]very claim . . . shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Ms. Wimberley alleges in her complaint that the actions on which her claim is based span occurred during 2004 through 2013. To the extent that her claim is based on facts pre-dating April 12, 2007, her complaint is barred by the six-year statute of limitations.

2.  Ms. Wimberley previously presented her taking claim in the district court in Georgia, and received a decision against her on the merits. Her claim therefore should be dismissed under the doctrine of *res judicata* (or claim preclusion) because her claim already has been decided by another court. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (final judgment on the merits in another court precludes the parties from re-litigating issues that were or could have been raised in the other court).

3.  Ms. Wimberley's claim is frivolous and fails to state a plausible claim for relief. Under 28 U.S.C. § 1915(e)(2), when a plaintiff is proceeding *in forma pauperis*, as Ms. Wimberley is here, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." A finding that an action is frivolous is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Accordingly, Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) is GRANTED, and Plaintiff's complaint is dismissed. Ms. Wimberley shall not be permitted to file any further pleadings or documents in this Court without the consent of the undersigned.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge